IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WYATT A. CONRADY,                           )
                                            )
                    Petitioner,             )
                                            )
      v.                                    )    Case No. 24-3078-JWL
                                            )
Lt. Col. LAURA PROFFITT, Commander,         )
Midwest Joint Regional Correctional Facility,[1] )
                                            )
                    Respondent.             )
                                            )
_____ )

## MEMORANDUM AND ORDER

Petitioner, a military prisoner acting through counsel, filed a petition for habeas corpus under 28 U.S.C. § 2241, in which he challenges certain convictions by court martial. For the reasons set forth below, the Court **dismisses** the petition based on the failure to exhaust military remedies.

In 2022, a military judge sitting as a general court martial convicted petitioner, pursuant to his pleas of guilty, of two specifications of child sexual abuse, one specification of possession of child pornography, and two specifications of soliciting the production of child pornography. The United States Army Court of Criminal Appeals (ACCA) summarily affirmed the convictions, and the Court of Appeals for the Armed Forces (CAAF) denied review of that decision. *See* 83 M.J. 305 (Ct. App. Armed Forces 2023).

---

[1] The Court has substituted the present commander at petitioner's place of confinement as the proper respondent in this action.

Petitioner subsequently filed the instant petition, by which he challenges only his convictions for solicitation in violation of 10 U.S.C. § 882(a). As his sole basis for relief, petitioner claims that because the person he solicited (the child victim of the sexual abuse offenses) was a civilian who was not subject to the Uniform Code of Military Justice (UCMJ), he cannot have solicited another "to commit an offense under [the UCMJ]" as required for a conviction under Section 882(a), and that the military courts therefore lacked subject matter jurisdiction over him with respect to those solicitation charges.

Respondent argues that the Court may not consider the merits of petitioner's claim because petitioner did not exhaust his military remedies by raising it first in the military courts. *See Roberts v. Callahan*, 321 F.3d 994, 995 (10th Cir. 2003) (failure to exhaust by raising the claim in the military courts results in a waiver of the claim by a habeas petitioner, unless cause and prejudice are shown). Petitioner concedes that he did not assert his claim based on the interpretation of the solicitation statute on direct appeal either to the ACCA or the CAAF.

Petitioner argues that he has nonetheless exhausted his military remedies because there is no ability to bring a habeas petition in the military courts and his proceedings in military courts therefore became final after the completion of his direct appeals. Under the exhaustion requirement as applied in federal courts, however, habeas claims are waived if they have not first been brought in the military courts. *See id.* Thus, in the present case petitioner was required to assert his jurisdictional claim in the military courts before those proceedings became final with the rejection of his direct appeals. Petitioner has not cited

any authority supporting a position that would effectively eviscerate the exhaustion requirement in military habeas cases.

Petitioner also argues that a jurisdictional claim cannot be waived in this manner. In support of that argument, petitioner cites the Supreme Court's statement in *United States v. Cotton*, 535 U.S. 625 (2002), that a challenge to a court's jurisdiction – meaning the court's statutory or constitutional power to adjudicate a case – can never be forfeited or waived. *See id.* at 630. Arguably that limited concept of "jurisdiction" addressed by the Court in *Cotton* does not apply here, as there is no dispute that the military courts had jurisdiction over petitioner, a member of the military, and thus had the power to adjudicate whether petitioner had committed a solicitation offense under the UCMJ. At any rate, in *Cotton* the Supreme Court made its statement in the context of noting that a defect in jurisdiction may be corrected even if that error was not raised in a federal district court. *See id.* The Court was not addressing the failure to raise an issue in the military courts. Petitioner also cites a century-old case in which the Supreme Court stated that "so far as questions relating to their jurisdiction are concerned," judgments of courts martial "are always open to collateral attack." *See Givens v. Zerbst*, 255 U.S. 11, 19 (1921)). That case did not directly address the exhaustion requirement, however, *see id.*, and the Supreme Court has since made clear that military remedies must be exhausted before habeas review is permitted. *See, e.g.*, *Burns v. Wilson*, 346 U.S. 137, 142 (1953), *cited in Watson v. McCotter*, 782 F.2d 143, 145 (10th Cir. 1986) ("We will not review petitioners' claims on the merits if they were not raised at all in the military courts.").

3

The Supreme Court has acknowledged that the exhaustion requirement has not been applied without exception, but that exception, as recognized and applied by the Supreme Court, would not apply here. In *Noyd v. Bond*, 395 U.S. 683 (1969), the Court prohibited the federal courts from ruling on a military prisoner's claim while his military case was ongoing. *See id.* The Supreme Court noted, however, that in three previous cases – *United States ex rel. Toth v. Quarles*, 350 U.S. 11 (1955); *Reid v. Covert*, 354 U.S. 1 (1957); and *McElroy v. United States ex rel. Guagliardo*, 361 U.S. 281 (1960) – it had not required exhaustion of military remedies because it had not believed "that the expertise of military courts extended to the consideration of the constitutional claims of the type presented," and "it appeared especially unfair to require exhaustion of military remedies when the complainants raised substantial arguments denying the right of the military to try them at all." *See Noyd*, 395 U.S. at 696 n.8.

Petitioner relies on *Hemphill v. Moseley*, 443 F.2d 322, 323 (10th Cir. 1971), in which the Tenth Circuit applied the exception recognized in *Noyd* to reach the merits of a claim that the military courts were without jurisdiction to try the habeas petitioner because the alleged crime was a non-military offense committed off-post. *See id.* at 323. That ruling would seem to be relevant to the present case, in which the petitioner claims that the military courts lacked jurisdiction to try him for an alleged offense because that offense falls outside the scope of the UCMJ.

That ruling in *Hemphill*, however, ultimately was undermined by the Supreme Court's discussion of this exception in *Schlesinger v. Councilman*, 420 U.S. 738 (1975). In that case, although the Supreme Court was addressing whether habeas courts could

4

intervene in ongoing military court proceedings, the Court equated the relevant considerations with the principles that require that "all military remedies have been exhausted" before federal courts may entertain habeas petitioners by military prisoners. *See id.* at 758. The Court noted that it had not required exhaustion in the three previous cases cited in *Noyd* (*Toth*, *Covert*, and *Guagliardo*), in which cases the issue concerned the military courts' jurisdiction under Article I to interfere with the liberty of civilians and turned on "the status of the persons as to whom the military asserted its power." *See id.* at 758-59 (citing, *inter alia*, *Noyd*, 395 U.S. at 696 n.8). The Court concluded, however, that those considerations underlying the exhaustion exception did not apply in the case before it, as the petitioner was on active duty, there was no question that he was subject to the military justice system, and the issue at hand (that is, whether the offenses were service-connected) fell within the military courts' expertise. *See id.* at 759-60.

Similarly, in the present case there is no question that petitioner was an active service member and therefore subject to the jurisdiction of the military courts; thus, the jurisdictional question does not involve whether civilians are being improperly subjected to that jurisdiction and does not turn on the status of the petitioner. Nor is there any reason to conclude that this matter of statutory interpretation does not fall within the ordinary expertise of the military courts.[2] Thus, even though petitioner arguably raises a jurisdictional issue, that issue does not fall within the exception to the exhaustion

---

[2] Indeed, the military courts have addressed this precise issue in affirming solicitation convictions. *See, e.g.*, *United States v. Heppermann*, 82 M.J. 794, 799-801 (A.F. Ct. Crim. App.), *rev. denied*, 83 M.J. 103 (Ct. App. Armed Forces 2022).

5

requirement as defined by the Supreme Court in *Noyd* and *Schlesinger*. *See Laughrey v. Commandant*, 2024 WL 1931452, at *2 (D. Kan. May 1, 2024) (Lungstrum, J.) (dismissing a habeas claim asserting a lack of jurisdiction because the claim did not fall within the exception recognized in *Noyd* and *Schlesinger*), *appeal filed* (10th Cir. May 22, 2024); *Hennis v. Nelson*, 2015 WL 5604271, *16-18 (D. Kan. Sept. 23, 2015) (same).

Petitioner has not identified any other exception that would apply here; nor has petitioner argued that he can show the cause and prejudice necessary for this Court's review of an unexhausted claim. Accordingly, the Court dismisses petitioner's claim on this basis of a failure to exhaust military remedies.

IT IS THEREFFORE ORDERED BY THE COURT THAT the petition for habeas corpus relief under 28 U.S.C. § 2241 is hereby **dismissed**.

IT IS SO ORDERED.

Dated this 19th day of September, 2024, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge